UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| WALTER S. MARBLE, ) | Case No. 05-58537-705 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| PATRICIA WALLACE, ) | **Adversary No. 08-4254-659** |
| ) | |
| ) | PUBLISHED |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| WALTER S. MARBLE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Patricia Wallace's (hereinafter "Plaintiff") Adversary Complaint to Obtain Determination of Non-Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(5) & 523(a)(15) (hereinafter "Complaint"), Debtor Walter Marble's (hereinafter "Debtor") Response to Adversary Complaint to Obtain Determination of Non-Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(5) & 523(a)(15) (hereinafter "Response"), Plaintiff's Motion for Judgment on the Pleadings, Motion for Summary Judgment filed by Debtor, Plaintiff's Memorandum in Opposition to Motion for Summary Judgment and Motion to Strike Summary Judgment Motion, Plaintiff's Response to Facts Set Forth in Motion for Summary Judgment, Affidavit of Plaintiff, and Plaintiff's Trial Brief.  The matters were taken as submitted on the pleadings.  Upon consideration of the record as a whole, the Court issues the following FINDINGS OF FACT:   Plaintiff and Debtor were married in 1987 and divorced in 2000.  During their marriage, Plaintiff and Debtor signed an indemnity agreement with an insurance company (hereinafter "Indemnity Agreement"). The Indemnity Agreement was created in connection with a contract related to a business that

Debtor and a business associate jointly owned.  Plaintiff, as Debtor's wife, was required to sign the Indemnity Agreement.  Plaintiff was not involved in the operations of the business.  Plaintiff was not an officer, director or owner of the business.

Debtor and Plaintiff entered into a Marital Settlement Agreement (hereinafter "MSA").  In Section 4.1 of the MSA, Debtor agreed to pay and defray the marital debts and liabilities, and indemnify Plaintiff and hold her harmless with respect to all marital debts, except for the mortgage on the marital residence (hereinafter "Hold Harmless Provision"). Plaintiff agreed to indemnify Debtor and hold Debtor harmless with respect to the mortgage on the marital residence.  The terms of the MSA were incorporated into the Judgment for Dissolution of Marriage.  The Judgment for Dissolution of Marriage does not provide that Debtor pay Plaintiff alimony, maintenance or support beyond the Hold Harmless Provision.

On October 14, 2005, Debtor filed a voluntary petition for relief under Chapter 7, three days prior to the enactment of BAPCPA.  Plaintiff was neither listed as a creditor in Debtor's bankruptcy schedules nor was she given written notice of the proceeding. On February 2, 2006, Debtor received a discharge.

On August 10, 2007, Plaintiff and Debtor were sued in Cook County Illinois Circuit Court for breach of the Indemnity Agreement (hereinafter "Civil Suit").  Debtor was dismissed from the suit because he listed the Indemnity Agreement in his bankruptcy petition, and accordingly, the debt was discharged.  Plaintiff is still a party to the Civil Suit and filed a cross-claim against Debtor for indemnification.

On December 15, 2008, Plaintiff filed Petition to Reopen Bankruptcy Case and Obtain Determination of Dischargeability of Debt.  On December 17, 2008 the Court entered an Order Granting in Part and Denying in Part Docket #17 and Notice of Filing Deadline, granting the request that the case be reopened for the purpose of determining the dischargeability of a debt and giving Plaintiff fourteen days to commence and action for determination of dischargeability of a debt.  On

2

December 30, 2008, Plaintiff filed the Complaint seeking a determination that the Hold Harmless Provision of the MSA is debt that was not discharged and that is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (15).

On February 4, 2009, Debtor filed a Response to the Complaint, alleging that Debtor did not list Plaintiff as a creditor in his pre-BAPCPA bankruptcy petition because there was no alimony, maintenance, child support, or other marital debts due under the MSA.  Debtor did not believe that there would be any forthcoming marital debt. Debtor also denies that Plaintiff was required to sign the Indemnity Agreement.  Debtor admits that the associated contract would have been cancelled if Plaintiff did not signed the Indemnity Agreement, but maintains that Plaintiff signed of her own free will.

Debtor contends that the Hold Harmless Provision of the MSA is unrelated to alimony, maintenance or child support and thus was not excepted from discharge under Section 523(a)(5) or (a)(15).  Debtor further argues that the Indemnity Agreement and the underlying contract are not a marital debt and therefore are not covered under the Hold Harmless Provision.  Debtor requests that judgment be entered in his favor declaring the MSA dischargeable and awarding costs and fees associated with this proceeding.

On February 13, 2009, Plaintiff filed Motion for Judgment on the Pleadings, and on February 18, 2009, Debtor filed Motion for Summary Judgment. Plaintiff maintains that the Hold Harmless Provision of the MSA is non-dischargeable under Section 523(a)(5) of the Bankruptcy Code.  Debtor argues that Debtor's bankruptcy case was improperly reopened because Debtor was discharged in a pre-BAPCPA no asset case and, pursuant to *Judd v. Wolfe*, 78 F.3d 110 (3d Cir. 1996), as relied upon by this District in *In re Michael Patrick Pierce and Pamela Kay Pierce*, No. 02-50725-399, all debts were discharged because no statutory exception exists.

**JURISDICTION AND VENUE**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2005) and Local Rule 81-9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I) and (J) (2005).  Venue is proper in this District under 28 U.S.C. § 1409(a) (2005).

## CONCLUSIONS OF LAW

The first issue is whether Plaintiff's Motion for Judgment on the Pleadings should be granted. "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002).  "The Court grants all reasonable inferences from the pleadings in the non-moving party's favor and accepts as true all facts pled by the non-moving party." *Id.* at 803.

Section 523(a) outlines the types of debts that are excepted from a debtor's discharge.  A creditor asserting that a debt falls within the ambit of Section 523(a) has the burden of proof by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Courts should narrowly construe the statutory exceptions to discharge, *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir. 1993) (per curiam), but should liberally construe the exception for support or maintenance owed to a spouse or former spouse of a debtor under Section 523(a)(5). *Holliday v. Kline (In re Kline)*, 65 F.3d 749, 750-51 (8th Cir. 1995).

Pre-BAPCPA, Section 523(a)(5)(B) provided that a discharge under Chapter 7 does not discharge an individual from any debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for or support of such spouse or child, in connection with a separation agreement, divorce decree or order of a court record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that– such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5)(B) (2005).

4

For a debt arising from a marital dissolution to fall within Section 523(a)(5)(B), the debt must be:

> 1. An obligation to a spouse, former spouse, or child of the debtor;
> 2. The obligation arose in or was made in connection with a separation agreement; and
> 3. The obligation is in the nature of alimony, support or maintenance.

*In re McKinnis*, 287 B.R. 245, 250 (Bankr. E.D. Mo. 2002); *see also Cooper v. Garcia (In re Garcia)*, 174 B.R. 529, 531 (Bankr. W.D. Mo. 1994).

Plaintiff is the former spouse of Debtor. The obligation to Plaintiff arose within the MSA and was incorporated into the Judgment for Dissolution of Marriage. The issue here is whether Debtor's obligation to Plaintiff under the Hold Harmless Provision of the MSA can be characterized as alimony, support or maintenance. Debtor argues that it cannot.

"In determining whether an award is in the nature of maintenance or support obligation, the crucial issue is the function the award was intended to serve." *In re Ianke*, 185 B.R. 297, 301 (Bankr. E.D. Mo. 1995), *citing In re Williams*, 703 F.2d 1055, 1057 (8th Cir. 1983) (Where debtor's agreement to be responsible for credit card debts and hold harmless his former spouse was a form of support, thereby making the agreement non-dischargeable pursuant to § 523(a)(5)). "The court, in ascertaining such intent, must examine the totality of the circumstances existing at the time of the parties' agreement." McKinnis, 287 B.R. at 250, *citing Wellner v. Clark (In re Clark)*, 207 B.R. 651, 654 (Bankr. E.D. Mo. 1997).

Debtor's agreement to pay and defray all marital debts and liabilities and to indemnify Plaintiff in the Hold Harmless Provision of the MSA is the only form of alimony, maintenance or support awarded to Plaintiff. The Hold Harmless Provision in conjunction with the division of marital assets as provided in the Judgment for Dissolution of Marriage was intended to be in lieu of a traditional award of alimony, support or maintenance. This Court, liberally construing the exception from

5

discharge for alimony, support or maintenance of a former spouse, concludes that by a preponderance of the evidence, the Hold Harmless Provision of the MSA is in the nature of alimony, support and maintenance.  The Hold Harmless Provision of the MSA is excepted from discharge pursuant to Section 523(a)(5)(B). Debtor's case was properly re-opened because a statutory exception to discharge applies and therefore *Judd v. Wolfe* does not apply. *See Judd v. Wolfe,* 78 F.3d 110 (3d Dist. 1996) (Once a case is closed, unless a statutory exception applies, reopening the case to discharge a debt is not necessary because all debts were discharged).

Plaintiff is entitled to the relief requested in the Motion for Judgment on the Pleadings and judgment in Plaintiff's favor.  Debtor is not entitled to the relief requested in the Motion for Summary Judgment.  By separate order, judgment will be entered accordingly.

_____
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: November 25, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Walter S. Marble
203 Cypress Court
O'Fallon, MO 6336

Chad W. Main
Meckler Bulger Tilson Marick & Pearson LLP
123 North Wacker Drive - Suite 1800
Chicago, IL 60606